JOHN T. HOUCHENS *vs.* MARY E. HOUCHENS.

*False Statement in Trade-Mark Disentitles the Owner to Equitable Remedies For Infringement.*

Equity will not restrain the infringement of a trade-mark when it contains a false statement designed to deceive the public.

Consequently, when the label on a bottle of alleged medicine contains the statement that it is "the great small pox cure" and "cures the worst cases without marking," and that statement is shown to be false, the owner of such trade-mark will be denied any relief not only against persons infringing the same but against one who sells the medicine made according to plaintiff's receipt, but without using the entire label.

Appeal from a decree of the Circuit Court, No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Howard Bryant* (with whom was *Wm. R. Barnes* on the brief), for the appellant.

*Sidney Hall* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit in equity brought on the 21st day of March, 1895, by the appellant, John T. Houchens, against the appel-

lee, Mary E. Houchens, his wife, in the Circuit Court of Baltimore City, for an injunction to restrain the appellee from using an alleged trade-mark called " The Family Physician " and for an accounting for the profits made from the manufacture and sale of the medicine.

The bill, briefly stated, alleges that the appellant has been for about twelve years engaged in the manufacture of a vegetable compound called " The Family Physician " and that this compound has now and has had an extended and desirable reputation in the markets of the United States and especially in Baltimore City, where it is regarded as an article of great excellence ; that in order to identify it and to distinguish it from other compounds, the appellant adopted as a trade-mark several marks, symbols, devices and form of wrapper and package, none of which have been used upon or in connection with any other vegetable compound.

The bill further states that the appellee has wilfully and fraudulently prepared and sold a compound put up in bottles and wrapped in wrappers in imitation of the appellant's compound, to the great injury and damage of the appellant.   The prayer of the bill is for an injunction to restrain the appellee in the use of the trade-marks and to prevent her from selling or offering to sell any imitation or imitations of the appellant's compound, and also for an accounting of the profits made from the sale thereof.

On the first of April, 1895, the appellee answered the bill, admitting " that she had manufactured and sold the vegetable compound called ' The Family Physician ' " and stating that the appellant " wrote out a receipt for this medicine more than eight years prior to the filing of the bill, gave it to her and told her to make and sell as much as she pleased ; " that she had made and sold the medicine and used the proceeds for the support of herself and children, she living apart from her husband.

The case was heard on bill, answer and proof and from a decree passed on the 17th of September, 1901, granting an injunction restraining the appellee from using the trade-mark

or any labels, bottles or wrappers in imitation of those shown in the trade-mark, but decreeing that the appellee could make and sell the compound called "The Family Physician" under name of "The Family Physician," according to the formula given by her husband, this appeal has been taken.

The alleged trade-mark is as follows:

"No. 3619.

UNITED STATES OF AMERICA,

PATENT OFFICE.

"To wit: Be it remembered, That on the first day of October, Anno Domini, 1883, J. T. Houchens, of Baltimore, Maryland, deposited in this office for registration a label, of which the following is the title:

'THE FAMILY PHYSICIAN'

(For a Medicinal Compound),

the right whereof he claims as sole proprietor, in conformity with the law of the United States, entitled, 'An Act to amend the law relating to Patents, Trade-Marks and Copyrights,' approved June 18, 1874.

"In Testimony Whereof, I have caused the seal of the Commissioner of Patents to be hereunto affixed this twenty-third day of October, 1883, and of the Independence of the United States the one hundred and eighth. Given under my hand at Washington, D. C.

"The foregoing is a copy of the record, and attached hereto is a copy of said label.

E. M. MARBLE,      [Seal.]
*Commissioner of Patents.*"

The label reads:

The view we take of this case, and the conclusion we have reached from an examination of the record, makes it unnecessary for us to pass upon the questions raised on this appeal.

We all agree that the aid of a Court of equity cannot be invoked by way of injunction in a case of this character. The rule is well settled by all the cases that a Court of equity will not lend its aid to a scheme to defraud the public. In *Siegert et al.* v. *Abbott*, 61 Md. 276, and *Kenny* v. *Gillet*, 70 Md. 574, this Court said: A Court of equity will not interpose to pro-

tect a claim to trade-mark or label where either contains a misrepresentation. The English and Federal Courts have adopted a like rule, in controversies between the owners of quack medicines.

The statement in the case now before us, upon the label of the bottles, that "The Family Physician" is "the great small-pox and diphtheria cure and preventive, cures the worst cases, without marking, unless already scabbed," not only asserts a falsehood, but was manifestly designed to deceive the public.

Dr. C. Hampson Jones, one of the Assistant Commissioners of Health in the city of Baltimore, testified as follows:

Q. Have you had any experience in the treatment of small-pox cases?

A. Not so much in the treatment as in the handling of them.

Q. Is there any remedy known to the profession for curing small-pox?

A. Not that I know of.

Q. Read what I have indicated on that label and tell the Court whether or not it is true as a medical expert?

The label contains these words: The great small-pox and diphtheria cure and preventive; cures the worst cases without marking unless by scab. Now from your knowledge and experience as a physician is that true or false?

A. About this medicine.

Q. Is there any medicine that will cure small-pox?

A. No medicine that I know of.

Q. Have you ever heard of any medicine?

A. I have not; I mean of course from authorities. This statement is that it can cure.

Q. Is there any medicine known to the medical profession that is used for the purpose of curing small-pox?

A. A certain medicine is used for the purpose of alleviating, but not for curing the disease. It is a self-limited disease.

Q. State the purposes for which medicines are given for small-pox?

A. In the latter stages of the disease when there is any tendency of failure of the heart or inflammation of the lungs, remedies are given to sustain the strength in those organs. There is no direct antagonistic to the disease except vaccination. It is claimed that vaccination will modify it after the small-pox has started, but that I do not know.

For the reasons we have stated, the decree of the Circuit Court No. 2, of Baltimore City, will be reversed and the bill of complaint will be dismissed.

> *Decree reversed and bill dismissed, appellant to pay the costs.*

(Decided April 1st, 1902.)